Case3:12-cv-03016-EMC   Document22   Filed01/02/13   Page1 of 13

Michael B. Horrow (SBN 162917)
E-mail: mhorrow@donahuehorrow.com
Nichole D. Podgurski (SBN 251240)
E-mail: npodgurski@donahuehorrow.com
Donahue & Horrow, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, CA 90245
Tel: 310.322.0300    Fax: 310.322.0302

Attorneys for Plaintiff
Dana M. Welle, D.O.

Daniel W. Maguire, (SBN 120002)
E-mail: dmaguire@bwslaw.com
Keiko J. Kojima, (SBN 206595)
E-mail: kkojima@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendant
Provident Life and Accident Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DANA M. WELLE, D.O.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY; DOES 1 to 10, inclusive,<br><br>　　　　Defendants. | Case No.  CV12-03016 EMC<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, by and among the parties to this action, Plaintiff Dana M. Welle, D.O. ("Plaintiff") and Defendant Provident Life and Accident Insurance Company ("Provident") (collectively referred to herein as "the parties") that certain documents, materials or information produced in

LA #4811-5294-4914 v1    - 1 -    CASE NO. CV12-03016 EMC
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

discovery, shall be subject to the following Agreement with respect to confidentiality and privacy, subject to the approval of the Court.

1. The parties represent that certain discovery and initial disclosure materials to be exchanged in this case, including documents, interrogatory answers, deposition testimony and other discovery, will contain confidential non-public information of a personal, financial, and/or commercial nature which may constitute a trade secret or proprietary information. The parties do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate privacy concerns.

2. Upon entry of an Order by this Court, this Protective Order shall govern the production and disclosure of all information designated as "CONFIDENTIAL" pursuant to paragraph 6, through the entirety of this litigation, through any trial or appeal. The parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of information designated as "CONFIDENTIAL" pursuant to this Protective Order both at trial and upon any appeal of this case.

3. For purposes of this Protective Order, "Discovery Materials" shall include documents produced pursuant to the voluntary disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials.

4. This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-5294-4914 v1

- 2 -

CASE NO. CV12-03016 EMC
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

5. Each party shall keep confidential and not use or disseminate outside the boundaries of this litigation any records that any other party designates as "CONFIDENTIAL" except as provided in paragraphs 7, 10, and 12 below.

6. Any party may designate any Discovery Materials it deems to be confidential by designating such Discovery Materials as "CONFIDENTIAL." *Any such designation shall comply with the requirements of Local Rule 79-5.*

7. Except as provided in paragraphs 10-12, access to Discovery Materials designated "CONFIDENTIAL" shall be restricted in accordance with the following provisions:

    (a) Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes;

    (b) "CONFIDENTIAL" designated Discovery Materials shall only be disseminated to or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (2) named individual parties, which includes employees of any company, assisting in the defense of the action; (3) actual or prospective experts and consultants retained or consulted by a party or a party's counsel in the course of this action, (4) any professional vendors or other persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium and there employees and subcontractors); (5) any private mediator or other ADR

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-5294-4914 v1     - 3 -     CASE NO. CV12-03016 EMC
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

professional retained or selected by the parties to assist in the resolution of the matter; and (6) the court and court personnel, in accordance with the terms specified below in paragraph 7(e). These persons shall not disclose, discuss or reveal the contents or existence of the Protected Information or the actual Protected Information itself to any other person or entity not specifically described in this paragraph. There shall be no other permissible dissemination of CONFIDENTIAL Discovery Materials. If a party produces any Discovery Materials that mention or reference any other party to this litigation, or such other party's employees or agents (past or present), such Discovery Materials shall be designated as "CONFIDENTIAL," unless express written consent of that other party is obtained.

(c) No copies, extracts or summaries of any document designated "CONFIDENTIAL" shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Protective Order.

(d) Counsel of Record may allow access to Discovery Material designated "CONFIDENTIAL" to their retained consultants, provided that any such consultant who is to receive such material shall be provided with a copy of this Protective Order and shall execute an undertaking in the form annexed hereto as Exhibit 1. Consultants shall be specifically advised that the portion of their written work product, which contains or discloses the substance of Discovery Material designated as "CONFIDENTIAL" is subject to all the provisions of this Protective Order. Counsel of Record disclosing such material to consultants shall be responsible for obtaining the executed

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-5294-4914 v1

- 4 -

CASE NO. CV12-03016 EMC
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

undertakings in advance of such disclosure and also shall retain the original executed copy of said undertakings. No "CONFIDENTIAL" Discovery Material may be disclosed to a Consultant prior to execution of the form attached as Exhibit 1.

(e) During depositions, Counsel of Record may question any witness about any Discovery Material designated "CONFIDENTIAL." However, where the witness or deponent testifies about such designated Discovery Material, the party who marked the material "CONFIDENTIAL" may instruct the Court Reporter to mark and seal such testimony as separate from the public record. Any "CONFIDENTIAL" document so referred to may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the party that designated the document as "CONFIDENTIAL" absent a Court Order. Portions of deposition transcripts designated "CONFIDENTIAL" shall be so marked and "CONFIDENTIAL" portions, including exhibits consisting of "CONFIDENTIAL" documents, shall be bound separately by the Court Reporter, kept under seal, and maintained separately by the Court Reporter and the parties from the non-confidential portions of the transcript, including exhibits, except as otherwise stipulated by the Parties or Ordered by the Court.

(f) In the event that any "CONFIDENTIAL" Discovery Materials are attached to, or quoted or summarized in, any pleadings, motion papers or other papers filed with this Court or any other court and said "CONFIDENTIAL" Discovery Materials would be disclosed in any way therein, such Discovery Materials, and portions of pleadings or papers that contain the "CONFIDENTIAL" discovery

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-5294-4914 v1

- 5 -

CASE NO. CV12-03016 EMC
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

materials shall be filed under seal in accordance with this Court's Local Rules. Copies of such documents containing information subject to this Protective Order that are served on counsel for the parties shall be similarly identified and shall be maintained as "CONFIDENTIAL," as described herein.

8. In the event that a party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL." Thereafter, upon the inspecting party's selection of documents for copying, the party producing the documents may mark the copies "CONFIDENTIAL," pursuant to paragraph 6, above.

9. At the request of any designating party, made in writing or on the record or during the course of a deposition, the deposition testimony and all copies of any transcript of the deposition of any current or former agent, officer, director, employee or consultant of the designating party shall initially be considered, as a whole, to constitute "CONFIDENTIAL" information subject to the protective order, and the original and all copies of such deposition transcripts shall be marked accordingly as "CONFIDENTIAL" by the reporter. Upon the written demand of a receiving party made after receipt of transcript, the designating party shall have twenty (20) days after receipt of the deposition transcript to designate in writing to the other parties and the court reporter, those portions of the testimony in the transcript that the designating party claims constitute "CONFIDENTIAL" Information. If no such designation is made within twenty (20) days after receipt of the deposition transcript, the receiving party shall submit a second written demand by facsimile to the designating party notifying the designating party that it has three (3) business days from the date of the second written demand in which to designate in writing to the other parties and the court reporter, those portions of the testimony

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-5294-4914 v1

- 6 -

CASE NO. CV12-03016 EMC
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1  in the transcript that the designating party claims constitute "CONFIDENTIAL"
2  Information. If, at the expiration of the three business day period, the designating
3  party fails to provide written notice of its intent to designate the information as
4  "CONFIDENTIAL," then the "CONFIDENTIAL" designation of the deposition
5  transcript shall be deemed waived. Each party and the Court Reporter shall attach a
6  copy of such written designation notice to the transcript and each copy thereof in its
7  possession, custody or control, and the portions designated in such notice shall
8  thereafter be treated in accordance with the Protective Order.

9    10. Nothing in this Order shall be deemed to preclude any party or third
10  party from seeking or obtaining, on the appropriate showing, additional protection
11  with respect to the confidentiality of documents or information. Nor shall any
12  provision of this order be deemed to preclude any party from challenging the
13  validity of the confidentiality of any materials so designated, or from requesting the
14  Court to amend or modify this Order with respect to any particular matter.

15    11. The disclosure of any Discovery Materials pursuant to the terms of this
16  Protective Order is not intended to be and shall not be construed as a waiver of any
17  right or a relinquishment of any confidentiality claim as to said Discovery Materials
18  or as a waiver of any claim that the information disclosed is a trade secret or is
19  proprietary.

20    12. If any dispute arises concerning whether information designated as
21  "CONFIDENTIAL" should in fact be considered as "CONFIDENTIAL"
22  information for purposes of this Protective Order, the party who objects to the
23  designation of the information as "CONFIDENTIAL" shall give written notice of
24  the objection. The parties shall then attempt to resolve the dispute informally and
25  in good faith. If the parties do not resolve the dispute informally, the party who
26  designated the information as "CONFIDENTIAL" shall have ten (10) business days
27  from either (a) the written notice from the objecting party made pursuant to this
28  paragraph, (b) the written objection to disclosure from the producing party made

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-5294-4914 v1     - 7 -     CASE NO. CV12-03016 EMC
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

pursuant to paragraph 10 above, or (c) the date the parties agree that the dispute cannot be resolved informally, whichever is later, to file a motion asking the Court to resolve the issue. If the motion is not filed within this time, then the "CONFIDENTIAL" designation shall be deemed waived. If such a motion is timely filed, the party asserting confidentiality shall have the burden of proving that the "CONFIDENTIAL" information is protected by (a) a right to privacy or (b) trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Prior to the determination of such motion, the disputed information shall be treated by the parties as "CONFIDENTIAL." If such motion is granted in favor of the objecting party and ten (10) business days have passed after entry of an order granting the motion, then the prevailing party may disclose the information, barring any motion to amend the order.

13. Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefore, and within 60 days thereof.

(a) Unless otherwise agreed, counsel for each party shall return or destroy all Discovery Materials marked "CONFIDENTIAL" received hereunder, including all copies thereof, to counsel for the party that produced said materials. Counsel for each party shall also destroy all extracts or summaries of "CONFIDENTIAL" Discovery Materials or documents containing such material. Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party who produced such "CONFIDENTIAL" Discovery Materials within ten (10) business days of destruction; and

(b) The Clerk of the Court shall, upon request of a party that produced any "CONFIDENTIAL" Discovery Materials, return to such party all documents and things containing or referring to such Discovery Materials that were filed under seal pursuant to this

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-5294-4914 v1

- 8 -

CASE NO. CV12-03016 EMC
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

Protective Order. As to those documents or things containing such information which cannot be so returned, they shall continue to be kept under seal and shall not be examined by any person without a prior Court order, after due notice to Counsel of Record, or the written stipulation of each of Counsel of Record.

14. Nothing contained in this Protective Order shall result in a waiver of rights, nor shall any of its terms preclude a party from seeking and obtaining, upon an appropriate showing, additional protection with respect to personal, financial, commercial, confidential, trade secret or other proprietary documents, information or any other discovery material or trade secrets, including, but not limited to, restrictions on disclosure. Nothing contained herein relieves any party of its obligation to respond to discovery properly initiated pursuant to the Discovery Order.

15. Pursuant to Fed. R. Civ. Proc. Rule 26, the parties hereby stipulate to the following treatment of any privileged or work product materials inadvertently disclosed in this action. The parties agree that disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter. The parties agree that any inadvertent inclusion of any privileged or work product material in a production in this action shall not result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind. If any such material is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the party returning

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-5294-4914 v1

- 9 -

CASE NO. CV12-03016 EMC
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

such document shall thereafter have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine. The parties acknowledge and stipulate that diligent steps have been taken to protect privileged/protected documents from disclosure, and that any production of privileged material or material protected by the work product doctrine is deemed inadvertent and does not amount to a waiver.

16. The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the parties.

17. Nothing in this Protective Order affects in any way, the admissibility of any documents, testimony or other evidence at trial.

18. This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsel of Record or pursuant to Court Order. Insofar as they restrict the communication, treatment and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

IT IS SO STIPULATED.

Dated: December 28, 2012
Donahue & Horrow, LLP
Michael B. Horrow

By: /s/Nichole D. Podgurski
  as authorized on 12/28/12
Nichole D. Podgurski
Attorneys for Plaintiff
Dana M. Welle, D.O.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-5294-4914 v1

- 10 -

CASE NO. CV12-03016 EMC
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | DATED: January 2, 2013 | Burke, Williams & Sorensen, LLP |
| 2 | | Daniel W. Maguire |
| | | Keiko J. Kojima |

By: */s/ Keiko J. Kojima*
Keiko J. Kojima
Attorneys for Defendant
Provident Life and Accident Insurance Company

## SIGNATURE ATTESTATION

I, Keiko J. Kojima, hereby attests that I have obtained the concurrence in the filing of the document from the other signatory on this document.

Dated: January 2, 2013          Burke, Williams & Sorensen, LLP

By: */s/ Keiko J. Kojima* (SBN 206595)

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-5294-4914 v1

- 11 -

CASE NO. CV12-03016 EMC
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

# EXHIBIT 1

## AGREEMENT TO BE BOUND BY THE STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he or she has read the Protective Order entered into on behalf of the Parties to *Dana M. Welle, D.O. v. Provident Life and Accident Insurance Company,* Case No. CV12-03016 EMC, pending in the United States District Court, Northern District of California; that he or she understands the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action; and that he or she agrees to be bound by all provisions of that order.

Dated: _____

_____
Signature

_____
Printed Name

_____
_____
Address

# **PROTECTIVE ORDER**

Upon consideration of the Stipulated Confidentiality Agreement And Protective Order between the parties in *Dana M. Welle, D.O. v. Provident Life and Accident Insurance Company,* Case No. Case No. CV12-03016 EMC, the Court hereby approves of said Agreement and orders the parties to comply with its terms. Designated "CONFIDENTIAL" Discovery Materials to be produced by any of the parties shall be subject to this Stipulated Protective Order.

IT IS SO ORDERED.

Dated: 1/4/13

HON. EDWARD M. CHEN

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4811-5294-4914 v1

- 13 -

CASE NO. CV12-03016 EMC
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER