UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.O. DANA M. WELLE,<br><br>Plaintiff,<br><br>v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Defendant. | Case No.: 3:12-cv-3016 EMC (KAW)<br><br>ORDER REGARDING DISCOVERY DISPUTE |

Plaintiff Dana Welle brought claims against Defendant Provident Life and Accident Insurance Company for breach of contract and breach of the covenant of good faith and fair dealing after Defendant denied Plaintiff's claim under a disability insurance policy. On July 1, 2013, the parties filed a joint letter regarding several discovery disputes. The matter was referred to the undersigned. For the reasons explained below, the Court rules as follows.

**I.      Requests for Production Nos. 47-49, 51**

Plaintiff seeks the performance reviews of Defendant's employees who processed her disability insurance claim, arguing that information related to job performance, salary, and disciplinary matters is relevant to supporting her allegation that the employees acted in bad faith in adjusting her claim.

Defendant objects on the basis of privacy, and claims that Plaintiff's need for the documents is "speculative and overreaching." Defendant further objects on the basis that the requests are "overly broad and unduly burdensome, vague and ambiguous" and may seek attorney-client privileged or work-product protected material.

1

Discovery of relevant personnel records is allowed when there is a showing of "compelling need." *See Cecena v. Allstate Ins. Co.*, C05-03178 JF (HRL), 2006 WL 3302837 (N.D. Cal. Nov. 9, 2006), citing *Bd. of Trustees v. Super. Ct.*, 119 Cal. App. 3d 516, 525, 174 Cal. Rptr. 160, 164 (1981) ("And even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a careful balancing of the compelling public need for discovery against the fundamental right of privacy.").

Here, Plaintiff has argued that she seeks the performance reviews of Defendant's employees who worked on her claim in order to determine whether employee compensation was tied to obtaining low settlements, thus encouraging bad faith practices. This information is relevant to the litigation at hand, and, if true, would be important to Plaintiff's case. There is a protective order in place in this case that will protect against the dissemination of the performance reviews, and protect the employees' privacy.

Other courts have allowed discovery of performance reviews in similar situations. *See Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 815 (Ky. 2004) ("Job performance and disciplinary information could help show that the adjusters and their superiors had engaged in bad faith practices . . . [and] also show Grange's knowledge or even approval of such practices."); *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 184 (E.D. Pa. 2004) ("Defendants have not identified a less confidential source from which Plaintiff could obtain this material. For the reasons stated above, we find these records to be relevant and have a sufficient nexus to the instant case"). The Court finds that Plaintiffs have shown a compelling need for the documents, and that the employees' privacy rights are adequately protected by the protective order. Accordingly, Defendant's privacy objection is overruled.

Defendant provides no explanation or further argument regarding any of its objections except for privacy. As they appear to be boilerplate, the other objections are overruled.

**II.     Request for Production No. 54**

Plaintiff seeks documents, including 1099s and W2s, reflecting Defendant's payments from 2008 to the present to the accounting firm it hired to review Plaintiff's financial records,

2

Nawrocki Smith. Plaintiff argues that these records will show whether the firm was rewarded for reviewing the records in a favorable manner.

Defendant argues that it has already produced compensation information for Nawrocki Smith's review of Plaintiff's claim, and that documents reflecting payments related to other claims from 2008 to the present are irrelevant and overbroad.

Discovery may be had of any relevant, non-privileged matter that is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Documents that may show that Nawrocki Smith is financially incentivized to review other claimants' records in a certain manner are relevant to establishing that the firm's review of Plaintiff's records was biased. Plaintiff has limited the period of time of the document requests, and Defendant does not argue that it would be unduly burdensome to produce the records. Accordingly, Defendant's objections are overruled.

### III. Request for Production No. 56

Plaintiff seeks Defendant's guidelines relating or referring or applicable to MITRAK (Management Information Tracking Reporting) from 2008 to the present. Plaintiff states that these documents are relevant to whether the tracking reports related to her claim "were handled according to the proper guidelines." Defendant argues that the documents are not relevant, the request is overly broad, vague and ambiguous, and seeks confidential and proprietary business records.

Plaintiff has not sufficiently articulated a theory of relevance. Plaintiff has shown no connection between guidelines relating to a tracking reporting system and the merits of the case. Accordingly, Defendant's objection on the basis of relevance is sustained.

### IV. Request for Production No. 57

Plaintiff seeks Defendant's quarterly conference call transcripts from 2008 to the present. Plaintiff argues that the documents are relevant to show that Defendant's senior management sets targets to achieve a lower benefits ratio—that is, the portion of premiums Defendant pays out as benefits. Plaintiff argues that this information shows that Defendant places its financial interests above the financial interests of its insured.

Defendant argues that the request for "quarterly conference call transcripts" is "vague, ambiguous, speculative, and irrelevant." Defendant has not explained why the request is vague or ambiguous, and does not claim that it does not understand what transcripts Plaintiff is seeking. As for the relevance objection, evidence that Defendant's senior management sets goals that encourage denying claims regardless of merit are relevant to the bad-faith denial of Plaintiff's claim. Defendant's objections as to this request are overruled.

## V. Requests for Production Nos. 60-61

Plaintiff seeks documents concerning Defendant's training of its personnel on the application of a particular settlement agreement Defendant entered into with the California State Insurance Department, as well as a particular training manual on applying a specific section of the settlement agreement. Plaintiff argues that the documents will show whether Defendant fairly applied the settlement agreement guidelines to Plaintiff's claim.

Defendant objects that the requests are vague, ambiguous, and overbroad, and are not reasonably calculated to lead to the discovery of admissible evidence. The requests do not appear to be vague or ambiguous, and Defendant has not explained this objection. As for relevance and overbreadth, Defendant seems to be arguing that because it has already produced its claims manual and other documents containing information similar to the information that may be contained in the documents sought by Plaintiff, it need not produce the actual documents sought. Defendant is not relieved of its obligation to produce relevant documents simply because it has produced other documents that may contain similar information.

Accordingly, Defendant's objections as to this request are overruled.

## VI. Request for Production No. 62

Plaintiff seeks documents concerning Defendant's Special Investigations Unit/ Fraud Unit (SIU) file on Plaintiff. Plaintiff states that Defendant denied her disability claim in part because of the SIU's surveillance and investigation of her.

Defendant argues that the documents in the file are attorney-client privileged and protected by the work-product doctrine. "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's

advice in response to such disclosures." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) (internal quotation omitted), cert. denied, 520 U.S. 1167 (1997). Here, Defendant asserts that the SIU reports to Defendant's general counsel, and that the results of its investigation are kept in strict confidence. However, Defendant does not assert that every document in the file is a confidential communication with counsel. For example, the document attached to the joint letter as Exhibit B, which appears to be a letter from an investigator in the SIU to Plaintiff's former employee, and is therefore likely contained in the SIU file, is obviously not confidential, but was not produced to Plaintiff. Defendant has not prepared a privilege log, and so the Court has no basis for evaluating its claims of privilege with respect to the individual documents in the file. Accordingly, Defendant's objection on the basis of attorney-client privilege is overruled. Defendant may withhold attorney-client privileged documents from its production only to the extent that the documents are individually described on a privilege log complying with federal law.

Defendant also asserts that the entire file is protected by the work-product doctrine. Many, if not all, of the documents in the SIU file are indeed entitled to work-product protection, as the SIU only conducts investigations in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3) ("a party may not discover documents . . . prepared in anticipation of litigation . . . by or for another party or its representative"). *See also Lett v. State Farm Fire & Cas. Co.*, 115 F.R.D. 501, 503 (N.D. Ga. 1987) (portions of a claim file prepared after a certain date, when litigation was anticipated, were protected by the work-product doctrine); *Chambers v. Allstate Ins. Co.*, 206 F.R.D. 579, 586 (S.D.W. Va. 2002) (documents protected after date when "initial investigation by the claims adjuster revealed circumstances indicating that the loss was caused by arson and the claim was routed to the senior representative for further investigation").

But materials are nonetheless discoverable if the requesting "party shows it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3). Here, Plaintiff does not have any other way to obtain the factual information that SIU found during its surveillance and investigation of her. Plaintiff has substantial need for this information, as Defendant's denial of

her claim rested in part on the results of its surveillance and investigation.  Therefore, some of the documents in the file are discoverable even though they are work product.

The parties shall meet and confer to determine, consistent with this order, which documents in the file should be produced to Plaintiff.  Any documents withheld on the basis of privilege must be itemized on a privilege log.

**VII.    Conclusion**

With the exceptions explained above, Defendant shall produce the documents requested by Plaintiff within 30 days of the date of this order.

It is so ORDERED.

Dated: July 31, 2013

*Kandis Westmore*
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

6