UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.O. DANA M. WELLE,<br><br>        Plaintiff,<br><br>    v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>        Defendant. | Case No.: 3:12-cv-3016 EMC (KAW)<br><br>ORDER REGARDING SEPTEMBER 17, 2013 DISCOVERY LETTER |

On July 8, 2013, this matter was referred to the undersigned for discovery purposes. (Order of Reference, Dkt. No. 28.) On September 17, 2013, the parties filed a joint discovery letter. (Joint Ltr., Dkt. No. 30.) Pursuant to Civil Local Rule 7-1(b), this matter is deemed suitable for disposition without hearing. Having reviewed the papers filed by the parties, the court overrules Provident's objections to Plaintiff's Requests for Production Nos. 68, 70, 72, and 76 and sustains Provident's relevancy objection to Plaintiff's Request for Production No. 79.

#### I.     BACKGROUND

On October 4, 1994, Provident Life & Accident Insurance Company ("Provident") issued Doctor Dana Welle ("Plaintiff") an individual disability insurance policy. (Compl. ¶ 5, Dkt. No. 1.) Under the terms of that policy, Provident promised to pay Plaintiff a base monthly benefit in the event she became totally disabled. *(Id.)* On March 2, 2003, Plaintiff sustained injuries to her left arm as a result of a bike accident. *(Id.* ¶ 9.) Plaintiff underwent multiple surgeries, was diagnosed with left ulnar neuropathy and left medial epicondylitis, and continues to experience pain and weakness in her left arm. *(Id.)* Plaintiff alleges that the impairment "impacted her use of her dominant hand in order to safely care for her patients." *(Id.* ¶ 10.)

On April 7, 2009, Plaintiff submitted a claim to Provident for disability insurance benefits. (*Id.* ¶ 11.) On June 25, 2009, Provident notified Plaintiff that the claim had been approved and benefits were payable as of May 29, 2009. (*Id.* ¶ 14.) Provident approved the claim through 2010. (*Id.* ¶ 16.) In 2011, Provident ordered surveillance as part of its claims investigation. (*Id.* ¶ 17.) Provident denied Plaintiff's disability insurance claim on March 20, 2012. (*Id.* ¶ 19.)

On April 19, 2012, Plaintiff filed her complaint against Provident, alleging breach of contract and breach of the duty of good faith and fair dealing. (*Id.* at 6, 8.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The information sought "need not be admissible at the trial" so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Federal Rule of Civil Procedure 34(a) provides:

> A party may serve on any other party a request within the scope of Rule 26(b):
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>  (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . .

Such request "must describe with reasonable particularity each item or category of items to be inspected." FED. R. CIV. P. 26(b)(1)(A).

Discovery of relevant personnel records is allowed when there is a showing of "compelling need." *See Cecena v. Allstate Ins. Co.*, C05-03178 JF (HRL), 2006 WL 3302837 (N.D. Cal. Nov. 9, 2006) (citing *Bd. of Trustees v. Superior Court*, 119 Cal. App. 3d 516, 525 (1981) ("And even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a 'careful balancing'

of the 'compelling public need' for discovery against the fundamental right of privacy) (further citation omitted)).

### III. DISCUSSION

#### A. Requests for Production Nos. 68, 70, 72, & 76

Plaintiff requests that Provident produce "any and all documents that reflect, refer or relate to bonus awards, including but not limited to the performance rating and percent of bonus awarded" to Tina Giacobbi, Nichole Cardin, Tricia Truchess, and Ronald K. Freund from 2008 to the present. (Joint Ltr., Ex. A at 4, 5.) These individuals are the claims adjusters and the in-house doctor who were involved in the resolution of Plaintiff's claim. (Joint Ltr. at 2, 3.) Plaintiff argues that the information sought is relevant to her claim that Provident acted in bad faith in denying her claim for disability insurance benefits. (*Id.* at 3.)

Provident objects on the basis of privacy, and claims that Plaintiff's request is overly broad and unduly burdensome, vague and ambiguous, seeks information that is not relevant to any claim or defense, and concerns confidential and/or proprietary business records. (*Id.* at 3.) Provident argues that "the presence of a financial incentive does not mean that a claim's denial was based on that incentive" and that it "has already explained that Tina Giacobbi, Patricia Truchsess, Nichole Cardin, and Ronald Freund, M.D.'s incentive compensation is not dependent on the outcome of any claim decision or any number of claim decisions." (*Id.* at 4, 5.)

The court finds that Plaintiff's request is not overly broad, unduly burdensome, vague, or ambiguous. Plaintiff's contention that the request concerns information that is not relevant to any claim or defense lacks merit. To the extent that Plaintiff's theory is that the incentive structure is based on performance, and performance may, in turn, be measured in terms of the resolution of claims, including her own claim, the information she seeks in these requests speaks to whether her claim was improperly denied and whether Provident encourages bad faith practices. *See Saldi v. Paul Revere Life*, 224 F.R.D. 169, 184 (E.D. Pa. 2004); *Grange Mut. Ins. Co. v.* Trude, 151 S.W.3d 803, 815 (Ky. 2004); *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 280 (Ariz. 2000) (en banc). Provident's objection that the information sought in these requests is not relevant is therefore overruled. The court also overrules Provident's objection that the

information Plaintiff seeks is confidential or proprietary. The parties have stipulated to a confidentiality agreement and protective order in this case. (*See* Dkt. No. 22.) Provident has offered no persuasive reason why the information at issue here, if in fact confidential or proprietary, would not be adequately protected under that agreement.

As for Provident's objection on the basis of privacy, this court has already explained Plaintiff has shown compelling need for discovery of relevant personnel information. (*See* July 31, 2013 Order Regarding Discovery Dispute, Dkt. No. 29.) While the court reached that conclusion in resolving Plaintiff's request for production of performance reviews of certain Provident employees, the same reasoning applies here. Plaintiff has shown a compelling need for the documents containing information related to bonuses and performance ratings of those involved in the adjustment of her disability insurance claim. The information is highly relevant to her bad faith claim. Moreover, Plaintiff's request is squarely limited to information concerning bonus and performance rating information, it does not seek of other sensitive information, such as employees' original job application, marital status, tax and dependent data, etc. In addition, the employees' privacy rights are adequately protected by the confidential agreement and protective order to which the parties have stipulated. Provident shall therefore supplement its responses accordingly.

**B.     Requests for Production No. 79**

Plaintiff requests "[a] true and correct copy of all of Provident's guidelines relating or referring or applicable to NaviLink from 2008 to present." (Joint Ltr. at 5.) In the parties' joint letter, Plaintiff offers no explanation of what the NaviLink system is, asserting only that the documents responsive to this request "are relevant and necessary in order to ensure that the NaviLink reports and files related to Dr. Welle's claim were handled according to proper guidelines." (*Id.* at 6.)

Provident asserts that NaviLink is a proprietary computer system that does not pertain to the procedures for deciding disability claims. *(Id.)* Provident argues that Plaintiff has not articulated the relevance of the materials sought, that the request is overbroad, and concerns confidential and proprietary information. *(Id.)* Provident also asserts that the guidelines Plaintiff

4

wishes to examine are contained not within the NaviLink manual, but within the claims manual compact disc that Provident has already produced to Plaintiff. *(Id.)*

Again, as this court previously explained in the order resolving the parties' July 1, 2013 joint letter, in which Plaintiff made a similar request concerning MITRAK system guidelines, Plaintiff has not sufficiently articulated a theory of relevance or established any connection between the NaviLink system guidelines and the merits of the case. (*See* July 31, 2013 Order Regarding Discovery Dispute at 3.) Accordingly, Provident's objection on the basis of relevance is sustained.

### IV.   CONCLUSION

Provident's objections to Plaintiff's Requests for Production Nos. 68, 70, 72, and 76 are overruled and Provident shall supplement its responses to those requests within 30 days of the date of this order. Provident's relevancy objection to Plaintiff's Request for Product No. 79 is sustained.

Furthermore, the court orders the parties to meet-and-confer in-person prior to filing any additional joint discovery letters in this case. During any such in-person meet-and-confer, the parties shall jointly review this court's prior orders resolving any prior joint discovery letters. Where, as here, a prior order of this court clearly addresses a point of contention, the parties shall attempt to resolve their disputes accordingly. If, notwithstanding an applicable prior order, the parties agree that they are unable to resolve the issue on their own and decide to file another joint discovery letter, the parties shall thoroughly explain why an applicable prior order of this court does not resolve the dispute necessitating the filing of another joint discovery letter.

IT IS SO ORDERED.

Dated: October 17, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge