UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.O. DANA M. WELLE,<br><br>  Plaintiff,<br><br>  v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>  Defendant. | Case No.: 3:12-cv-3016 EMC (KAW)<br><br>ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE JOINT DISCOVERY LETTER BRIEFS UNDER SEAL |

On July 8, 2013, this matter was referred to the undersigned for discovery purposes. (Order of Reference, Dkt. No. 28.) On September 26, 2013 and September 27, 2013, Doctor Dana M. Welle ("Plaintiff") filed administrative motions to file two joint discovery letter briefs under seal. (Sept. 26, 2013 Mot. to File Documents under Seal, Dkt. No. 31; Sept. 27, 2013 Mot. to File Documents under Seal, Dkt. No. 32.) Plaintiff also lodged courtesy copies of the joint discovery letter briefs with the court. As Provident Life and Accident Insurance Company ("Provident") designated the information referenced in the two joint discovery letter briefs confidential, it has filed three declarations seeking to establish that the documents are sealable. (Kojima Decl., Dkt. No. 33; Covino Decl., Dkt. No. 34; Goldberg Decl., Dkt. No. 35.) After considering the papers filed by the parties and reviewing the joint discovery letter briefs at issue, the court denies Plaintiff's motions to file those documents under seal without prejudice.

**I.   BACKGROUND**

Plaintiff filed two administrative motions to file documents under seal. (Sept. 26, 2013 Mot. to File Documents under Seal; Sept. 27, 2013 Mot. to File Documents under Seal.) The subject of the first motion is the parties' "JOINT LETTER BRIEF RE DEFEENDANT [*sic*]

1

PROVIDENT'S RESPONSES TO REQUESTS FOR PRODUCTION REQUEST NO. 55 (SET NO. 3) AND REQUEST NO. 78 (SET NO. 5)."  (Sept. 26, 2013 Mot. to File Documents under Seal at 1) (capitalization in original).  In Request No. 55, which appears crossed-out with an "x" but otherwise fully legible in an exhibit to the July 2, 2013 discovery letter brief the parties filed on the docket but not under seal, Plaintiff requests:  "[a] true and correct copy of all of PROVIDENT's Management Information Tracking Reports ("MITRAK") that in any way pertain or relate to DANA WELLE, M.D.'s claims for benefits under Policy No. 06-338-4120553, including but not limited to all MITRAK information and files relating to DANA WELLE, M.D."  (July 1, 2013 Joint Discovery Ltr. Brief, Ex. A. at 10, Dkt. No. 27.)  In Request No. 78, the full text of which also appears in an exhibit to a prior joint discovery letter brief the parties filed on the docket but not under seal, Plaintiff requests:  "[a] true and correct copy of all of PROVIDENT's NaviLink tracking reports that in any way pertain or relate to DANA WELLE, M.D.'s claims for benefits under Policy No. 06-338-4120553, including but not limited to all NaviLink information and files relating to DANA WELLE, M.D."  (Sept. 17, 2013 Joint Discovery Ltr. Brief, Ex. A at 6, Dkt. No. 30) (capitalization in original).

The subject of the second motion is the parties' "JOINT LETTER BRIEF RE DEFEENDANT [*sic*] PROVIDENT'S RESPONSES TO REQUESTS FOR PRODUCTION REQUEST NO. 62 (the S[IU] file)."  (Sept. 27, 2013 Mot. to File Documents under Seal at 1) (capitalization in original).  In that request, which appears in full in another entry on the docket, Plaintiff seeks "[a] true and correct copy of any and all DOCUMENTS that reflect, refer or relate to PROVIDENT's Special Investigations Unit/Fraud Unit ("SIU") file on DANA WELLE, M.D."  (July 1, 2013 Joint Discovery Ltr. Brief, Ex. A at 14) (capitalization in original).

The memoranda of points and authorities filed in support of each motion contain the following language:

> The local rules permit a party who "wishes to file a document that has been designated confidential by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve and Administrative Motion for a sealing order and lodge the document, memorandum or other filing in accordance with this rule."

> The parties are currently engaged in a discovery dispute over the production of information Provident Life and Accident Company ("Provident") asserts is confidential. The parties have prepared a Joint Letter Brief which discusses information that Provident asserts is confidential. Plaintiff proposes to seal the entirety of the following entire brief including exhibits . . . .

(Sept. 26, 2013 Mot. to File Documents under Seal at 2; Sept. 27, 2013 Mot. to File Documents under Seal at 2.)

Provident's counsel submitted a declaration in support of the confidential designation of the two joint discovery letter briefs. (Kojima Decl. at 1, Dkt. No. 33.) She declares that in the joint discovery letter brief concerning MITRAK and NaviLink materials, Plaintiff quotes from and discusses sections of the performance reviews Provident produced pursuant to this court's July 31, 2013 order and the stipulated confidential agreement and protective order in this case. (*Id.* ¶ 3.) As to the joint discovery letter brief relating to the SIU file, Provident's counsel states that the document contains portions of emails produced within the SIU file, that SIU investigations are conducted in anticipation of litigation, held in strict confidence, and that the dissemination of that information will permit the public to learn information about "the SIU investigation and investigation process." (*Id.* ¶ 5.)

Senior Employee Relations Consultant Janine Hughes Goldberg also filed a declaration in support of the confidential designation of the two joint discovery letter briefs. (Goldberg Decl. ¶ 6, Dkt. No. 35.) She states that the performance reviews Plaintiff discusses and cites in the parties' joint discovery letter brief relate to "performance/quality assurance measures" that are "confidential and proprietary[.]" (*Id.* ¶ 6.) She declares that "[t]he general dissemination of this information would work to [the company's] commercial and competitive disadvantage[]" and that "competitors could use this information" to adjust their own criteria and solicit business or resources to the company's detriment. *(Id.)*

David Covino, the Director of the Special Investigative Unit, submitted a declaration in support of the confidential designation of the joint discovery letter brief respecting the SIU file. (Covino Decl. at 1, Dkt. No. 34.) He declares that SIU investigations are conducted in anticipation of litigation, that the work product and results are held in strict confidence, and that

3

investigations are conducted with the expectation of confidentiality. (*Id.* ¶ 4.) He states that protecting the confidentiality of SIU investigations is critical in that it "encourages candor in investigations, protects against unlawful invasions of privacy, prevents injury to the reputation of those being investigated, safeguards the identity of confidential sources of information, and protects the welfare and safety of those involved in the investigation." (*Id.* ¶ 5.) He adds that the letter brief concerning the SIU file contains discussions of "specific documents within the SIU file . . . [the disclosure of] which could allow the public to gain insight about the SIU investigation and investigation process – matters which should remain confidential." (*Id.* ¶ 7.)

## II.     LEGAL STANDARD

Civil Local Rule 79-5(b) requires that a party seeking to file a document under seal "establish[] that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable')." A moving party's request "must be narrowly tailored to seek sealing only of sealable material . . . ." *Id.* A party designating material as confidential or subject to a protective order "must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* § 79-5(e)(1). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.* § 79-5(d)(1)(A).

## III.    DISCUSSION

Provident has filed declarations supporting the confidential designation of the joint discovery letter briefs. Those declarations contain assertions that the information referenced in the joint discovery letter briefs is confidential or proprietary. However, Provident has not established that the entirety of the information contained in the joint discovery letter briefs is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." *See* Civil L.R. 79-5(b). Moreover, to the extent that Provident could make the requisite showing as to at least some portion of the joint discovery letter briefs at issue, it has not indicated which parts of the joint letter briefs are to be redacted and filed under seal.

As to the joint discovery letter brief relating to MITRAK and NaviLink reports, the court finds that the references to the content of specific performance reviews appears boilerplate when considering the number of employees as to which the same performance metrics would apply. The references do not reveal sensitive employee-specific information but only describe employee performance as measured against generic indicators.[1] While Provident asserts that these criteria are "confidential and proprietary[,]" that "[t]he general dissemination of this information would work to [the company's] commercial and competitive disadvantage[,]" and that "competitors could use this information" to adjust their own criteria and solicit business or resources to the company's detriment, *see* Goldberg Decl. ¶ 6, Provident has not shown why that is likely to be the case. Nor has Provident explained why limited redaction would not adequately address these concerns.

With respect to the joint discovery letter brief concerning the SIU file, the court finds that references to the specific handling of Plaintiff's disability insurance claim does not warrant the filing of the document under seal. The joint discovery letter brief contains brief references to specific communications between those involved in the investigation, exchanges between the SIU and other departments, and other internal materials produced in the course of the SIU investigation. In fact, it appears that the references are included in the joint letter for the limited purpose of demonstrating that Provident's production of the SIU file to date is incomplete and that the materials are subject to disclosure. While public access to this information would certainly educate the public about the specific handling of Plaintiff's disability insurance claim and the related investigation, it does not permit the public to fully understand Provident's entire investigation process or otherwise gain insight on the SIU's internal structure or operating procedures. In addition, as stated above, Provident has made no showing as to why the filing of a partially redacted version of the joint discovery letter brief would not address these concerns.

---

[1] For this reason, Provident's reliance on this court's finding that employees' privacy interests were adequately protected by the stipulated confidentiality agreement and protective order is misplaced. As discussed above, the references to material in the employees' personnel files does not motivate compelling privacy concerns, especially given that the materials can be redacted to protect the identity of any particular employee.

5

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motions to file documents under seal are denied without prejudice. Should Plaintiff file renewed motions to file the joint discovery letter briefs under seal, Plaintiff shall include a proposed redacted version of each joint discovery letter brief in accordance with Civil Local Rule 79-5(d)(1)(B)-(C). The court will dispose of the courtesy copies lodged with the court in connection with the instant motions as set forth in Civil Local Rule 79-5(d)(2). If the parties proceed with filing unredacted or redacted versions of the joint discovery letter briefs at issue, *see* Civil Local Rule 79-5(f)(3), Provident shall ensure that its privilege log complies with this court's standing order, a copy of which is available at http://www.cand.uscourts.gov/kaworders.

IT IS SO ORDERED.

Dated: October 25, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge