UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.O. DANA M. WELLE,<br><br>        Plaintiff,<br><br>    v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>        Defendant. | Case No.: 3:12-cv-3016 EMC (KAW)<br><br>ORDER REGARDING OCTOBER 9, 2013 JOINT DISCOVERY LETTER |

On July 8, 2013, this matter was referred to the undersigned for discovery purposes. (Order of Reference, Dkt. No. 28.) On October 9, 2013, the parties filed a joint discovery letter. (Joint Ltr., Dkt. No. 37.) Pursuant to Civil Local Rule 7-1(b), this matter is deemed suitable for disposition without hearing. Having reviewed the papers filed by the parties, the court overrules Plaintiffs' objections to Provident's Requests for Production Nos. 12, 13, 14, 16, and 17 as set forth below.[1] Plaintiff shall supplement its responses to those requests within 30 days of this order.

//

---

[1] In the joint letter, the parties also outline a dispute concerning subpoenas issued to Plaintiff's accountant and financial institutions. Joint Ltr. at 1. Provident states that "[t]he subpoenas have been withdrawn due to concerns that the entities [we]re producing the records despite Plaintiff's objections, but will be re-issued if the Court grants Defendant's motion." *Id.* As the subpoenas primarily seek the same information sought in the requests for production discussed in the joint letter, the court declines to address the subpoena-related issues at this time. While the court notes that Plaintiff may not possess all of the documents Provident sought by subpoena, Plaintiff's supplemental responses should assist the parties in appropriately narrowing the subpoena-related issues. Once Provident has had an opportunity to review Plaintiff's supplemental responses and the parties have met and conferred as required, the parties may file a joint letter that discusses any subpoena-related issues that Plaintiff's supplemental responses do not resolve.

## I.   BACKGROUND

On October 4, 1994, Provident Life & Accident Insurance Company ("Provident") issued Doctor Dana Welle ("Plaintiff") an individual disability insurance policy. (Compl. ¶ 5, Dkt. No. 1.) Under the terms of that policy, Provident promised to pay Plaintiff a base monthly benefit in the event she became totally disabled. *(Id.)* On March 2, 2003, Plaintiff sustained injuries to her left arm as a result of a bike accident. (*Id.* ¶ 9.) Plaintiff underwent multiple surgeries, was diagnosed with left ulnar neuropathy and left medial epicondylitis, and continues to experience pain and weakness in her left arm. *(Id.)* Plaintiff alleges that the impairment "impacted her use of her dominant hand in order to safely care for her patients." (*Id.* ¶ 10.)

On April 7, 2009, Plaintiff submitted a claim to Provident for disability insurance benefits. (*Id.* ¶ 11.) On June 25, 2009, Provident notified Plaintiff that the claim had been approved and benefits were payable as of May 29, 2009. (*Id.* ¶ 14.) Provident approved the claim through 2010. (*Id.* ¶ 16.) In 2011, Provident ordered surveillance as part of its claims investigation. (*Id.* ¶ 17.) Provident denied Plaintiff's disability insurance claim on March 20, 2012. (*Id.* ¶ 19.)

On April 19, 2012, Plaintiff filed her complaint against Provident, alleging breach of contract and breach of the duty of good faith and fair dealing. (*Id.* at 6, 8.) In connection with her claim for breach of the duty of good faith and fair dealing, Plaintiff prays for a variety of relief, including "[g]eneral damages for mental and emotional distress in a sum to be determined at the time of trial." (*Id.* at 9.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The information sought "need not be admissible at the trial" so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

//
//
//
//

Federal Rule of Civil Procedure 34(a) provides:

> A party may serve on any other party a request within the scope of Rule 26(b):
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
> (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . .

Such request "must describe with reasonable particularity each item or category of items to be inspected." FED. R. CIV. P. 26(b)(1)(A).

## III. DISCUSSION

Provident requests that Plaintiff produce financial documentation, including tax returns, 1099 forms, W-2 forms, and other income verification forms, in her "custody, possession, or control."[2] (Joint Ltr. at 2, 3.) Provident asserts that the information sought is relevant to Plaintiff's claim for emotional distress damages, which turns on whether Plaintiff has suffered financial loss. (*Id.* at 5.) Plaintiff contends that she "is not claiming financial distress as a result of the denial of benefits" and that she "is not seeking extraordinary emotional distress damages in this litigation." (*Id.* at 3, 7.) Plaintiff objects to Provident's requests. (*Id.* at 2, 3, 8, 9, 10.) She claims that the information sought is privileged and protected by her right to privacy. (*Id.* at 5.) She also asserts that the requests are overbroad, burdensome, vague, ambiguous, and relate to documents already produced. *(Id.)* The court addresses those objections in turn.

### A. Relevance

The nature of a bad faith action for breach of the duty of good faith and fair dealing is an action for interference with property rights, not personal injury. *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 580 (1973). The requirements of outrageous conduct and severe emotional distress common to the independent tort of intentional infliction of emotional distress do not apply in this

---

[2] Provident asserts that documents Plaintiff may access online should be produced as they "constitute information within her custody, possession, or control." Joint Ltr. at 8.

3

context, as "the mental distress result[s] from a substantial invasion of [the] property interests of the insured." *Id.; see Richardson v. Allstate Ins. Co.,* 117 Cal. App. 3d 8, 12-13 (1981).  Put simply, "[b]reach of the implied covenant of good faith is actionable because such conduct causes financial loss to the insured, and it is that loss which defines the cause of action." *Richardson*, 117 Cal. App. 3d at 13.  Once the threshold requirement of economic loss is met, "[t]hen and only then, may the insured recover for emotional distress damages as well as the pecuniary loss." *Waters v. United Services Auto. Ass'n*, 41 Cal. App. 4th 1063, 1065 (1996) (reversing jury award for emotional distress damages where insureds failed to prove they suffered any financial loss.).

In light of the foregoing authorities, the court overrules Plaintiff's relevance objection to Provident's Requests for Production Nos. 12, 13, 14, 16, and 17.  In her complaint, Plaintiff alleges a breach of the duty of good faith and fair dealing. (Compl. at 6.)  While Plaintiff contends that she is "not claiming financial distress as a result of the denial of benefits," *see* Joint Ltr. at 8, to the extent she prays for emotional distress damages, *see* Compl. at 9, she must establish the threshold requirement of economic loss. *See Waters*, 41 Cal. App. 4th at 1065.  To that end, the information Provident seeks regarding Plaintiff's income, her current financial condition, and her financial history is directly relevant to whether Plaintiff has, in fact, suffered any economic loss.  On these grounds, Plaintiff's relevance objection is overruled.

To the extent that Provident seeks information that pre-dates the denial of Plaintiff's disability insurance claim, however, the objection is sustained.  Plaintiff alleges that Provident denied her claim on March 20, 2012. (Compl. ¶ 19.)  Yet, Provident seeks financial information from January 1, 2002 to present and other documentation from January 1, 2005 to the present, without specifying why information from that time frame is relevant. (*See* Joint Ltr. at 2, 3). Accordingly, the court finds that only financial information from January 1, 2012 to the present is relevant to a showing of economic loss.  Information from this time period will allow Provident to ascertain Plaintiff's financial condition immediately prior to the denial of her claim and any changes in her financial condition following the denial.

//

//

### B. Privacy

The California Constitution declares that individuals have an inalienable right to privacy. Cal. Const. art. I, § 1. The right to privacy extends to an individual's personal financial information. *Moskowitz v. Superior Court,* 137 Cal. App. 3d 313, 315 (1982) (citations omitted). However, the right to privacy "may be abridged to accommodate a compelling public interest." *Id.* (citing *City of Santa Barbara v. Adamson*, 27 Cal. 3d 123, 131 (1980); *Loder v. Municipal Court*, 17 Cal. 3d 859, 864 (1976); *White v. Davis*, 13 Cal. 3d 757, 775 (1973)); *see also Schnabel v. Superior Court*, 5 Cal. 4th 704, 721 (1993) (recognizing that the privilege against disclosure of income tax returns does not apply where there is an intentional relinquishment, the gravamen of the lawsuit is so inconsistent with its continued assertion, or a public policy greater than that of the confidentiality of tax returns is involved). "When an individual's right of privacy in his financial affairs conflicts with the public need for discovery in litigation, the competing interests must be carefully balanced." *Moskowitz*, 137 Cal. App. 3d at 316 (citation omitted). "Even where the balance weighs in favor of disclosure of private information . . . such an invasion of the right of privacy must be drawn with narrow specificity and [be] permitted only to the extent necessary for a fair resolution of the lawsuit." *Id.* (citations omitted).

Here, Plaintiff seeks to recover emotional distress resulting from Provident's alleged breach of the duty of good faith and fair dealing. (Compl. at 8.) In so doing, Plaintiff has put her financial position at issue, as demonstrating financial loss is a threshold requirement to that claim. *See Waters*, 41 Cal. App. 4th at 1065. This defeats Plaintiff's argument that she need not produce the requested information because "she is not claiming that Provident's unwarranted denial of her disability claim caused her to be unable to pay her bills, left her unable to maintain her lifestyle, or otherwise created a financial hardship for her, nor that her emotional distress is related to any financial hardship caused by Provident's denial of benefits[.]" *See id.; Moskowitz*, 137 Cal. App. 3d at 316. This is also fatal to Plaintiff's claim that she has not waived her right to privacy. *See Britt v. Superior* Court, 20 Cal. 3d 844, 858 (1978) (noting that when certain activities are directly relevant to a plaintiff's claim, the disclosure of those activities is essential to a fair resolution and the trial court may properly compel disclosure). Plaintiff must demonstrate financial loss, and

Provident needs to obtain information necessary to effectively litigate this case. This weighs in favor of disclosure of Plaintiff's financial information. Moreover, because the parties have stipulated to a confidentiality agreement and protective order in this case, Dkt. No. 23, the court finds that Plaintiff's right to privacy will be adequately protected notwithstanding disclosure of her financial information.

### C. Other objections

Plaintiff also objects to Provident's requests on the grounds that they are overbroad, burdensome, vague and ambiguous. (Joint Ltr. at 2, 3.) Plaintiff also challenges those requests on the grounds that "all relevant documents in Plaintiff's possession, custody and/or control have been previously produced in documents subpoenaed from Nawrocki Smith LLP"[3] or that "no such documents exist in Plaintiff's possession, custody and/or control." (*Id.* at 2, 3.)

The court overrules Plaintiff's objections that Provident's requests are overbroad, burdensome, vague, and ambiguous. Provident seeks a variety of financial documentation which it has adequately identified as W-2 forms, 1099 forms, and monthly account statements. (*See id.* at 2, 3.) This is all information with which Plaintiff should be familiar and, which, if not already in Plaintiff's possession, Plaintiff may easily obtain. For example, Plaintiff may request those materials from any prior or current employers, from her tax preparer, or from whatever online materials are accessible to her. While Provident's requests for documents concerning the sources of Plaintiff's income, and documents "which reflect any loans made or credit given" for Plaintiff's personal or business use, may appear general, the court, again, finds that this is information Plaintiff may easily identify and obtain.

As to Plaintiff's objection on the grounds that she has already produced the requested documents to Nawrocki Smith, LLP, Plaintiff has only stated that "all relevant documents in Plaintiff's possession, custody and/or control have been previously produced in documents subpoenaed from Nawrocki Smith LLP[.]" (*Id.* at 3.) This is insufficient. *See* Standing Order ¶ ("In responding to requests for documents and materials under [Rule] 34, all parties shall . . .

---

[3] Plaintiff identifies Nawrocki Smith, LLP as the accounting firm Provident hired to conduct a financial review during the handling of her claim. Joint Ltr. at 4.

confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist. It shall not be sufficient to object and/or state that 'responsive' materials . . . have been produced.") (emphasis in original). For this reason, Plaintiff's objection is overruled.

The court also overrules Plaintiff's objection that documents responsive to Provident's Request for Production Nos. 16 and 17 do not exist in Plaintiff's possession, custody and/or control. In Request for Production No. 16, Provident seeks "[a]ny and all monthly account statements or other documents referencing account balances for any FINANCIAL INSTITUTION at which [Plaintiff] ha[s] held personal or business assets . . . ." (*Id.* at 2 (capitalization in original).) In Request for Production No. 17, Provident seeks "[a]ll DOCUMENTS which reflect any loans made or credit given for [Plaintiff's] personal or business use from January 1, 2005 to the present." (*Id.* at 3 (capitalization in original).) The court finds it unlikely that "no such documents exist in Plaintiff's possession, custody and/or control." Account statements from Plaintiff's financial institutions are readily obtainable. This objection is therefore overruled. The court, however, limits Provident's request to materials that date back to January 1, 2012. To the extent that Plaintiff has not obtained loans or credit for her personal or business use from January 1, 2012 to the present, Plaintiff shall specify that in her supplemental responses.

## IV. CONCLUSION

Plaintiffs' objections to Provident's Requests for Production Nos. 12, 13, 14, 16, and 17 are overruled as set forth above. Plaintiff shall supplement its responses to those requests within 30 days of the date of this order.

IT IS SO ORDERED.

Dated: October 30, 2013

KANDIS A. WESTMORE
United States Magistrate Judge