UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.O. DANA M. WELLE,<br><br>        Plaintiff,<br><br>    v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>        Defendant. | Case No.: 3:12-cv-3016 EMC (KAW)<br><br>ORDER REGARDING OCTOBER 25, 2013 JOINT DISCOVERY LETTER |

    Plaintiff Dana Welle brought claims against Defendant Provident Life and Accident Insurance Company for breach of contract and breach of the covenant of good faith and fair dealing after Provident denied her claim for disability insurance benefits. On October 25, 2013, the parties filed the instant joint discovery letter. The matter was referred to the undersigned.

    Pursuant to Civil Local Rule 7-1(b), this matter is deemed suitable for disposition without hearing. As set forth below, the court overrules Provident's objections to Request for Production No. 65 and sustains Provident's objections to Request for Production No. 4 to Natalya Vayn's Deposition Notice.

    **I.    Request for Production No. 65**

    Plaintiff requests "[a] true and correct copy of all DOCUMENTS that reflect, refer or relate to PROVIDENT's processes, protocols, procedures and/or guidelines to refer a file to [the] Special Investigations/Fraud Unit ('SIU') from 2008 to present." (Joint Ltr., Ex. A. at 5.) (capitalization in original).) Provident objects to the request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, seeks information that is not relevant to any claim or

defense, seeks confidential or proprietary business records, and may encompass documents protected by the attorney-client or attorney work-product privileges.  (*Id.*, Ex. B. at 6.)

The court overrules Provident's objections that the request is overbroad, vague, or ambiguous.  Provident should be able to easily identify the materials that relate to the referral of a claim to the SIU.  In that respect, the request is sufficiently detailed as to allow Provident to discern the subject of Plaintiff's request.  The objection that the request is unduly burdensome also fails.  If the materials are contained within certain manuals, as appears to be the case here, or stored in an electronic format, any burden to Provident is minimal, especially given that Plaintiff seeks only those materials respecting the "refer[al of] a file to" the SIU.

As for Provident's objections that the materials sought are confidential, proprietary, or protected by the attorney-client or attorney work-product privileges, Provident has made no showing supporting such characterizations of the materials at issue nor has it attached a privilege log to the parties' joint letter.  Instead, Provident only asserts the position that because this court has concluded that certain documents in the SIU file prepared in connection with the investigation of Plaintiff's claim are entitled to work-product protection, the materials Plaintiff seeks here are also protected by the attorney-client and work-product privileges. *See* Joint Ltr. at 7.  This position is unavailing.  Insofar as Provident asserts that the materials are confidential or proprietary, Provident has not explained why the stipulated protective order in place does not adequately preserve the confidential or proprietary nature of the information at issue.

Provident's objection on the grounds of relevancy also fails.  Federal Rule of Civil Procedure 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  The information sought "need not be admissible at the trial" so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The policies and procedures governing the referral of Plaintiff's claim to the SIU are relevant insofar as they shaped the investigation which culminated in the denial of Plaintiff's claim.  Even if Provident's assertion that the claims department, not the SIU terminated Plaintiff's claim is accurate, whether the investigation of Plaintiff's claim adhered to established policies and procedures governing the referrals of similar claims speaks to the overall handling of Plaintiff's

claim, and ultimately, whether Provident properly denied her claim. While Plaintiff seeks materials dating back to 2008, she does not state why materials from that date are relevant. The court therefore finds that the materials are only relevant as of April 7, 2009, when Plaintiff first sought disability benefits under the policy.

Accordingly, Provident shall supplement its responses to Request for Production No. 65 within 30 days of this order.[1] Such supplemental responses shall include information dating back to April 7, 2009, when Plaintiff first submitted a claim for disability insurance benefits.

### II.  Request for Production No. 4 to Deposition Notice of Natalya Vayn

Natalya Vayn is the SIU investigator who was responsible for the investigating Plaintiff. (*Id.* at 4.) Plaintiff served Natalya Vayn with a deposition notice on August 26, 2013. (Joint Ltr., Ex. C.) Included with that notice was a list of documents requested. (*Id.*, Ex. C at 5.) In item four on that list, Plaintiff requests:

> True and correct copies of the following items which have been kept in the regular course of business: the complete CLAIMS manuals and/or procedures manuals, POLICY statements, bulletins, DOCUMENTS, COMMUNICATIONS or memoranda which set forth company practices or policies regarding the handling, processing and/or INVESTIGATION of CLAIMS submitted by YOUR insured and which were in effect or which were utilized by YOU, and/or any claims administrator at the time WELLE's CLAIM(s), submitted pursuant to the above-referenced POLICY, was handled, processed and/or investigated[.]

(*Id.* (capitalization in original).) Provident objects to the request, asserting that it is compound, overly broad, unduly burdensome, oppressive, vague, ambiguous, and unintelligible. (*Id.*, Ex. D at 8.) Provident also objects on the grounds that the request concerns documents protected by the attorney-client and attorney work-product privileges as well as confidential, proprietary, or trade secret information. *(Id.)* Provident further objects that the request seeks information that is not relevant to any claim or defense and is outside the scope of the following deposition category: "Pursuant to FRCP 30(b)(6), the person most knowledgeable from Provident Life and Accident

---

[1] Provident states that "[p]rocedures to refer a file to SIU are contained in the claims manual that has already been produced," however, it appears that this production of documents may have been limited to some, but not all, of the materials requested. *See* Joint Ltr. at 9. If Provident has produced all such materials, it may clarify that in its supplemental resposnes.

3

Insurance Company's Special Investigations Unit ("SIU") regarding Provident's investigation of Dana Welle." (*Id.* at 3.)

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party." FED. R. CIV. P. 30(b). "The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." *Id.* Federal Rule of Civil Procedure 34(a) provides:

> A party may serve on any other party a request within the scope of Rule 26(b):
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
> (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . .

Such request "must describe with reasonable particularity each item or category of items to be inspected." FED. R. CIV. P. 34(b)(1)(A).

The court sustains Provident's objection that the above request is overbroad, vague and ambiguous, and unduly burdensome. In the request, Plaintiff does not identify any particular set of documents or materials. Instead, Plaintiff asks that Provident produce the universe of materials that may or may not have affected the resolution of her claim at any point in time. In the parties' joint letter, Plaintiff urges that the court read this request as one for the "Special Investigative Unit Policy and Procedures [Manual]" Natalya Vayn referenced in her September 24, 2013 deposition. *See* Joint Ltr. at 4. Plaintiff argues that prior to Natalya Vayn's deposition, she did not know that the manual existed. It appears, however, that Plaintiff was aware that Provident had investigated her claim, *see* Compl. ¶ 17 ("Then, in the beginning of 2011, Provident ordered surveillance as part of its claims investigations.*)*, and with that knowledge, she could have appropriately tailored her requests for production to seek materials governing that investigation and other investigations of its kind.

4

For these reasons, the court sustains Provident's objections that above request is overbroad, vague and ambiguous, and unduly burdensome.

### III. CONCLUSION

As set forth above, Provident shall supplement its responses to Request for Production No. 65 within 30 days of this order.

IT IS SO ORDERED.

Dated: October 30, 2013

KANDIS A. WESTMORE
United States Magistrate Judge