UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.O. DANA M. WELLE,<br><br>    Plaintiff,<br><br>    v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendant. | Case No.: 3:12-cv-3016 EMC (KAW)<br><br>ORDER DENYING ADMINISTRATIVE MOTION TO FILE PORTIONS OF DOCUMENTS UNDER SEAL |

On November 1, 2013, Plaintiff Dana M. Welle filed a renewed administrative motion to file portions of a joint discovery letter under seal. Plaintiff also lodged courtesy copies of the unredacted version of the joint discovery letter at issue. On November 5, 2013, Defendant Provident Life and Accident Insurance Company filed a declaration seeking to establish that the content at issue is sealable, as it is the party that designated the information referenced in the joint discovery letter brief confidential. Having reviewed the papers filed by the parties and the joint letter at issue, the court denies the motion for the reasons set forth below.

### I.     LEGAL STANDARD

Courts have long recognized a general right to inspect and copy public records and documents, including judicial records and filings. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Unless a particular record is one traditionally kept secret, i.e., grand jury transcripts or pre-indictment warrant materials, a strong presumption in favor of access applies. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Two standards generally govern motions to file documents under seal. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The "compelling reasons standard" applies to most court documents, including those filed in connection with a dispositive motion, while the

1

"good cause" standard applies to private materials "unearthed during discovery," including those filed in connection with a non-dispositive motion. *Id.*; *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

Because sealed discovery documents attached to a non-dispositive motion "are often unrelated or only tangentially related to the underlying cause of action," the usual presumption of access is rebutted. *Kamakana*, 437 F.3d at 1179 (citing *Phillips*, 307 F.3d at 1213) (internal quotations and further citations omitted). For this reason, a "particularized showing" of good cause as contemplated by Federal Rule of Civil Procedure 26(c) will suffice to seal documents produced in discovery and attached to non-dispositive motions. *Kamakana*, 437 F.3d at 1180; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (holding that the *Phillips* exception is "expressly limited to the status of materials filed under seal when attached to a non-dispositive motion"). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning are insufficient. *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. *Phillips*, 307 F.3d at 1211 (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)). A sealing order may also be appropriate if necessary to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In this district, requests to file documents under seal in civil cases are governed by Civil Local Rule 79-5. That rule provides: "A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . ." CIVIL L.R. 79-5(b). In addition, if a party seeks to file under seal a document that has been designated confidential by another party pursuant to a protective order, the designating party must file a declaration "establishing that the all of the designated material is sealable." CIVIL L.R. 79-5(e)(1).

//

//

## II.     DISCUSSION

Plaintiff seeks to file portions of a joint discovery letter under seal. (Nov. 1, 2013 Admin. Mot. to File Under Seal, Dkt. No. 46.) Provident has designated those portions confidential and has filed a declaration seeking to establish that the content at issue is sealable. (Kojima Decl., Dkt. No. 47.) As the materials at issue do not concern a dispositive motion, the good cause standard applies, requiring the threshold showing of "particularized harm" before the court "balances the public and private interests" in order to decide whether the materials at issue should be filed under seal. *See Phillips*, 307 F.3d at 1211.

The parties' joint discovery letter references portions of certain performance reviews that Provident produced pursuant to the stipulated blanket protective entered order in this case. (Kojima Decl. ¶ 3.) Provident asserts that it considers the "specific performance measures" and "specific terminology" referenced in the joint letter "confidential and proprietary" and that "[t]he general dissemination of this information would work to [its parent company's] commercial and competitive disadvantage." (*Id.* ¶ 4.) Provident contends that if information regarding its parent company's "performance criteria, evaluations, and quality assessment of [its] personnel were made public available, competitors could use this information to [its] detriment by adjusting their performance criteria for their employees to mirror [its] practices and use this information to solicit business or resources away from [its parent company]." *(Id.)*

As a preliminary matter, the court notes that because these materials were produced pursuant to that blanket protective order, Provident never had to make the good cause showing required under Federal Rule of Civil Procedure 26(c). *See Beckman*, 966 F.2d at 476. Now, although Provident identifies the information at issue as proprietary and confidential, it does not provide reasons beyond the boilerplate references to competitive disadvantage if the information were publicly available. *See Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-cv-3638, 2013 U.S. Dist. LEXIS 26241, at *4 (N.D. Cal. Feb. 26, 2013) ("Information does not have value to a competitor merely because the competitor does not have access to it."). In fact, the limited material at issue does not appear to be sufficiently detailed to be likely to result in competitive harm. *Compare Lane v. Wells Fargo Bank, N.A.*, No. 12-cv-04026-WHA, 2013 U.S. Dist. LEXIS

82065, at *7 (N.D. Cal. June 11, 2013) (rejecting the argument that testimony regarding reports and documents generated to benchmark and track performance was sufficiently detailed to be likely to result in competitive harm) with *Nutratech, Inc. v. Syntech Int'l, Inc.*, 242 F.R.D. 552, 555 n.4 (C.D. Cal. 2007) (customer lists, supplier lists, and sales and revenue information protectable as confidential commercial information).  As this court stated in its order denying the prior iteration of the instant motion, while Provident asserts competitive harm may result, it has not shown why that is likely to be the case.  (October 25, 2013 Order Denying Administrative Motions to File Joint Discovery Letter Briefs Under Seal at 5, Dkt. No. 42.)   In connection with the instant motion, Provident has also failed to show that competitive harm is likely to result and it has thus failed to make the requisite showing of particularized harm justifying the relief requested.

### III. CONCLUSION

Accordingly, Plaintiff's motion to file documents under seal is denied.

IT IS SO ORDERED.

Dated: November 14, 2013

KANDIS A. WESTMORE
United States Magistrate Judge